UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
MARCELO CHELLI,

|                                        |                          |
|----------------------------------------|--------------------------|
| Plaintiff,                             | **FIRST AMENDED COMPLAINT** |
| -against-                              | **13 CV 7366 (FB) (MDG)** |
| THE CITY OF NEW YORK,                  | **JURY TRIAL DEMANDED** |
| POLICE OFFICER DENNIS MOGELNICKI (TAX 937118), | |
| POLICE OFFICER PHILLIP LEROY (TAX 947790), and | |
| SERGEANT MELODY ROBINSON (TAX 939329), | |
| Defendants.                            | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Plaintiff, Marcelo Chelli, by his attorneys, Reibman & Weiner, as and for his First

Amended Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

1.      At all times hereinafter mentioned, plaintiff, Marcelo Chelli, was an adult

male resident of Queens County, within the State of New York.

2.      At all relevant times hereinafter mentioned, defendant, City of New York

("New York City"), was and is a municipal corporation duly organized and existing under and by

virtue of the laws of the State of New York and acts by and through its agencies, employees and

agents, including, but not limited to, the New York City Police Department ("NYPD"), and their

employees.

3.      At all relevant times hereinafter mentioned, defendant, POLICE OFFICER

DENNIS MOGELNICKI (TAX 937118), was an adult male employed by the City of New York

1

as a member of the NYPD assigned to the 114th Precinct. Defendant Mogelnicki is sued herein in his official and individual capacities.

4.     At all relevant times hereinafter mentioned, defendant, POLICE OFFICER PHILLIP LEROY (TAX 947790), was an adult male employed by the City of New York as a member of the NYPD assigned to the 114th Precinct. Defendant Leroy is sued herein in his official and individual capacities.

5.     At all relevant times hereinafter mentioned, defendant, SERGEANT MELODY ROBINSON (TAX 939329), was an adult female employed by the City of New York as a member of the NYPD assigned to the 13th Precinct. Defendant Robinson is sued herein in her official and individual capacities.

6.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7.     Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

8.     That plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

9.     At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

10.    That the within action has been initiated within one year and ninety days of the accrual of plaintiff's claims pursuant to New York State Law.

2

## RELEVANT FACTS

11.     On August 23, 2013, at about 4:00 a.m., plaintiff was lawfully present inside of his vehicle which was lawfully parked at or near the intersection of Northern Boulevard and 42nd Place in the County of Queens, City and State of New York.

12.     At or about this time, defendants Mogelnicki, Leroy, and Robinson arrived on duty and in an NYPD vehicle.

13.     The defendants exited their vehicle, approached plaintiff with their guns drawn, and without any legal justification or excuse ordered the plaintiff out of his vehicle, to which he complied.

14.     Without any legal justification or excuse, plaintiff was immediately handcuffed excessively tight and placed in the defendants' vehicle.

15.     While in custody, plaintiff repeatedly informed the defendants that the handcuffs were too tight and were causing him pain.

16.     At the scene, an additional unmarked NYPD vehicle with three additional members of the NYPD arrived in plain clothes.

17.     Plaintiff was not engaged in any suspicious or illegal activity, and there was no legal basis or justification for the defendants to approach and detain plaintiff.

18.     At no time did plaintiff resist arrest or engage in any violent or threatening behavior.

19.     Despite the absence of any evidence of wrongdoing on the part of plaintiff, the defendants searched plaintiff and his vehicle.

20.     The search yielded no evidence of any guns, drugs, or contraband.

3

21.     While still at the scene of the arrest, the individual defendants then removed plaintiff from their vehicle and subjected plaintiff to excessive force by, in part, slamming him to the ground in a manner intended to injure his hands and wrists and by grinding his face into the pavement.

22.     Bleeding and in pain, plaintiff repeatedly informed the defendants that the handcuffs were too tight and repeatedly asked them to loosen the handcuffs.

23.     Despite the fact that he was not resisting arrest and was bleeding, the defendants formally arrested plaintiff and took him to a local area precinct believed to be the 114th Precinct where he was held for several hours before he was given medical treatment.

24.     Plaintiff was then taken to the emergency room at Elmhurst Hospital to receive treatment for the injuries he sustained at the hands of the defendants.

25.     As a result of the assault he suffered at the hands of the defendants, plaintiff sustained permanent physical injuries.

26.     Plaintiff was then transferred from the hospital back to the 114th Precinct, where he was held for several more hours before being transferred to Queens County Central Booking where he was held for several more hours before he was arraigned on a criminal complaint containing false allegations sworn to or provided by the individual defendants.

27.     Specifically, defendant Mogelnicki swore out the criminal complaint where he stated that "he observed [the plaintiff]... spray painting graffiti on a building."

28.     These and other allegations contained in the complaint were false and the individual defendants, including defendant Mogelnicki, knew them to be false when they were made.

4

29.     Pursuant to these and other false allegations, plaintiff was charged with Criminal Mischief in the Fourth Degree, Making Graffiti, and Possession of Graffiti Instruments.

30.     Plaintiff was released at his arraignment and was prosecuted for several months pursuant to these false allegations and baseless charges before the charges against him were dismissed when he acceded to an Adjournment in Contemplation of Dismissal.

31.     The factual allegations sworn to by defendant Mogelnicki against plaintiff were materially false and deliberately made to justify the illegal arrest and assault by defendants against plaintiff.

32.     At no time did there exist any basis to utilize any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

33.     At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore alleged misconduct engaged in against plaintiff.

34.     The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

35.     That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

36.     At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

37.     The decision to arrest plaintiff was objectively unreasonable under the

5

circumstances.

38.     Plaintiff was not engaged in any unlawful or suspicious activity, and repeatedly asked the defendants why they were beating and arresting him, and received no response.

**FIRST CAUSE OF ACTION**
**AGAINST THE INDIVIDUAL DEFENDANTS**
**MOGELNICKI, LEROY AND ROBINSON**
**PURSUANT TO 42 U.S.C. SECTION 1983**
**FOR EXCESSIVE FORCE, FALSE ARREST AND FALSE IMPRISONMENT,**
**UNLAWFUL SEARCHES OF PERSON AND PROPERTY,**
**AND DENIAL OF DUE PROCESS**

39.     Plaintiff repeats each of the foregoing paragraphs as though stated fully herein.

40.     At no time did defendants Mogelnicki, Leroy, or Robinson have any legal basis for arresting or imprisoning plaintiff, commencing criminal process, or using physical force against him, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

41.     These defendants willfully and intentionally seized, searched, detained, and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

42.     The individual defendants willfully and intentionally subjected plaintiff to physical force in excess of what was reasonable under the circumstances and caused plaintiff to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

43.     By so doing, the individual defendants, individually and collectively,

subjected plaintiff to excessive force, false arrest and imprisonment, unlawful searches of person

and property, and denial of due process, and thereby violated, conspired to violate, and aided and

abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the

United States Constitution.

44.     By reason thereof, each of the individual defendants have violated 42

U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish,

incarceration and the deprivation of liberty, and the loss of his constitutional rights.

**SECOND CAUSE OF ACTION**
**AGAINST THE MUNICIPAL DEFENDANT AND INDIVIDUAL DEFENDANTS**
**PURSUANT TO 42 U.S.C. SECTION 1983**
**ARISING FROM THEIR FAILURE TO INTERVENE**

45.     Plaintiff repeats the allegations contained in the foregoing paragraphs as

though stated fully herein.

46.     The individual defendants and the City of New York had an affirmative

duty to intervene on plaintiff's behalf to prevent the violation of his constitutional rights/

47.     The individual defendants failed to intervene on plaintiff's behalf to

prevent the violation of his constitutional rights despite having had a realistic opportunity to do

so.

48.     The individual defendants failed to intervene on plaintiff's behalf to

prevent the violation of his constitutional rights despite having substantially contributed to the

circumstances within which the plaintiff's rights were violated by their affirmative conduct.

49.     As a result of the aforementioned conduct of the defendants, plaintiff's

constitutional rights were violated.

50.     As a result of the above constitutionally impermissible conduct,  the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.,

### THIRD CAUSE OF ACTION
### AGAINST THE MUNICIPAL DEFENDANT
### CITY OF NEW YORK
### PURSUANT TO 42 U.S.C. SECTION 1983 AND *MONELL* ARISING FROM
### UNCONSTITUTIONAL POLICIES, PRACTICES AND CUSTOMS

51.     Plaintiff repeats the allegations contained in the foregoing paragraphs as though stated fully herein.

52.     Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

53.     Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.  Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

54.     The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police

8

authority by its NYPD employees, and thereby deliberately and  intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

55.     All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

56.     The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

a.     Using excessive force on individuals, including but not limited to those who have already been handcuffed;

b.     Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

c.     Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

d.     Retaliating against officers who report police misconduct; and

e.     Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

57.     The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following,

9

non-exhaustive list of civil actions:

a.   *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG)
(E.D.N.Y.)

b.   *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA)
(E.D.N.Y.);

c.   *Zabala v. City of New York,* 37711/2010 (Sup. Ct., Kings Co.);

d.   *Ashe v. City of New York,* 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

e.   *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

f.   *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

g.   *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS)
(SD.N.Y.);

h.   *Carmody* v. *City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist.
LEXIS 83207;

i.   *McMillan* v. *City of New York,* 04-CV-3990 (FB) (RML)
(E.D.N.Y.);

j.   *Avent* v. *City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

k.   *Smith* v. *City of New York,* 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

l.   *Powers* v. *City of New York,* 04-CV-2246 (NGG) (E.D.N.Y.);

m.   *Dotson* v. *City of New York,* 03-CV-2136 (RMB) (S.D.N.Y.);

n.   *Nonnemann* v. *City of New York,* 02-CV-I0131 (JSR) (AJP)
(S.D.N.Y.);

o.   *Richardson* v. *City of New York,* 02-CV-3651 (JG) (CLP)
(E.D.N.Y.);

p.   *Barry* v. *New York City Police Department,* 01-CV-10627 (CBM)
(S.D.N.Y.);

q.   *Walton v. Safir,* 99-CV-4430 (AKH) (S.D.N.Y.);

r.   *White-Ruiz v. The City of New York,* 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

s.   *Ariza v. City of New York,* 93-CV-5287 (CPS) (E.D.N.Y.);

58.   In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

59.   Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

60.   It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

61.   By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

11

**FOURTH CAUSE OF ACTION
AGAINST THE INDIVIDUAL DEFENDANTS
MOGELNICKI, LEROY, AND ROBINSON
PURSUANT TO NEW YORK STATE LAW
FOR ASSAULT AND BATTERY**

62.     Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

63.     Plaintiff was subjected to assault and battery by defendants Mogelnicki, Leroy, and Robinson, by their unjustified use of force against him.

64.     At no time did defendants have any legal basis for arresting plaintiff or subjecting him to excessive force, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

65.     The defendants are therefore liable under New York law to plaintiff for assault and battery.

66.     By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

## FIFTH CAUSE OF ACTION
## AGAINST THE INDIVIDUAL
## AND MUNICIPAL DEFENDANTS
## PURSUANT TO STATE LAW
## FOR EXCESSIVE FORCE, FALSE ARREST AND FALSE IMPRISONMENT,
## UNLAWFUL SEARCHES OF PERSON AND PROPERTY,
## AND DENIAL OF DUE PROCESS

67.     Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

68.     Plaintiff was subjected to false arrest, excessive force, denial of due process and fair trial, through the defendants' use of fabricated evidence and the making of false statements.

69.     At no time did defendants have any legal basis for arresting plaintiff, subjecting him to excessive force, or commencing criminal process against him, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

70.     The individual and municipal defendants are therefore liable under New York law to plaintiff for false arrest and imprisonment, excessive force, illegal searches of person and property, denial of due process and fair trial.

71.     The municipal defendant is liable to plaintiff under the doctrine of *respondeat superior.*

72.     By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

13

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i. On the First Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

ii. On the First Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

iii. On the Second Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

iv. On the Third Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

v. On the Third Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

vi. On the Third Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

vii. On the Fourth Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

viii. On the Fourth Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

ix. On the Fourth Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

x. Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

xi.     such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
       June 6, 2013

By:       /s/
        Jessica Massimi (JM-2920)
        Reibman & Weiner
        Attorneys for Plaintiff
        26 Court Street, Suite 1808
        Brooklyn, New York 11242
        718-522-1743

**SERVICE BY ECF**
The City of New York
Defendant Dennis Mogelnicki
c/o The New York City Law Department
100 Church Street
New York, NY 10007
Attention: Pernell Telfort, ACC

15